```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF TEXAS
                     HOUSTON DIVISION


KEVIN DEWAYNE MOORE,          §
BOP #36285-177,               §
                              §
          Plaintiff,          §
                              §
v.                            §   CIVIL ACTION NO. H-10-1566
                              §
UNITED STATES MARSHALS SERVICE,§
et al.,                       §
                              §
          Defendants.         §
```

## MEMORANDUM OPINION AND ORDER

Kevin Dewayne Moore, an inmate of the Federal Bureau of Prisons, has filed a Complaint (Docket Entry No. 1) alleging that he has been denied access to the courts in violation of his civil rights.  He has raised the identical claim in a prior action. Moore has also filed an Application to Proceed Without Prepayment of Fees and Affidavit (Docket Entry No. 2).  The pauper's application will be granted, and Moore's civil rights complaint will be dismissed as a duplicative and malicious action under 28 U.S.C. § 1915(e).

Moore alleges that he was deprived of his legal work when he was transferred from the Joe Corley Detention Center in Conroe, Texas, to the Federal Bureau of Prisons Unit in Beaumont, Texas. He further asserts that he lost more of his legal work when he was later moved to the Oklahoma City Transfer Facility.  Moore alleges

that he was compelled to seek continuances in federal court because of the missing legal documents although he later received his legal materials on September 17, 2009, while he was assigned to the United States Prison at Marion, Illinois.  Moore complains that the United States Marshal Service and the Federal Bureau of Prisons breached their duty to ensure that he has possession of his legal materials whenever he is transferred to another unit.  He alleges that his lack of access to his materials has interfered with his litigation activities.  He argues that his right of access to the courts and due process have been violated, and he seeks $10,000,000 in monetary damages.  (Docket Entry No. 1 at 6)

Moore has filed a similar complaint in which the court has ordered the United States Marshal to file a response.  Moore v. United States Marshal, No. H-09-3556.  (See Docket Entry Nos. 1, 11, 13, and 19.)  Both complaints are based on the claim that Moore has been denied the right to litigate in court.  See Lewis v. Casey, 116 S.Ct. 2174, 2182 (1996); Brewer v. Wilkinson, 3 F.3d 816, 821 (5th Cir. 1993).  Maintenance of the instant action would be redundant and an impermissible waste of judicial resources.  See Mayfield v. Collins, 918 F.2d 560, 561-62 (5th Cir. 1990).  Further, Moore's current complaint contains no reference to the pending action in H-09-3556 although it is obvious that the two proceedings are related.  See Oliney v. Gardner, 771 F.2d 856, 859 (5th Cir. 1985) (upholding dismissal of second identical suit which had been filed without informing court or opposing counsel).

A federal court is authorized to dismiss a claim filed <u>in forma pauperis</u> if the court determines that the action is malicious. An <u>in forma pauperis</u> prisoner's civil rights suit is malicious as a matter of law and is subject to dismissal where the suit raises claims that are duplicative of a prior suit filed by the same prisoner in federal court. <u>See</u> <u>Pittman v. Moore</u>, 980 F.2d 994, 994-95 (5th Cir. 1993). 28 U.S.C. § 1915(e)(2). This prisoner action shall be dismissed as malicious under 28 U.S.C. § 1915(e). <u>Wilson v. Lynaugh</u>, 878 F.2d 846 (5th Cir. 1989).

Moore has filed a Motion for Appointment of Counsel (Docket Entry No. 3). As explained above, the claims asserted in Moore's complaint are subject to dismissal because they are clearly duplicative. The motion (Docket Entry No. 3) will be denied because the complaint has no merit and assistance of counsel would serve no benefit to the plaintiff or the court. <u>See</u> <u>Norton v. Dimazana</u>, 122 F.3d 286, 293 (5th Cir. 1997).

### Conclusion and Order

Accordingly, the court **ORDERS** as follows:

1. This prisoner civil rights Complaint (Docket Entry No. 1), filed by Inmate Kevin Dewayne Moore, Federal Inmate #36285-177, is **DISMISSED** as malicious. 28 U.S.C. § 1915(e)(2)(B)(i).

2. The Application to Proceed Without Prepayment of Fees (Docket Entry No. 2) is **GRANTED.**

3. The Federal Bureau of Prisons Inmate Trust Fund shall deduct 20 percent of each deposit made to Moore's account and forward the funds to the Clerk

       on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b)(2), until the entire filing fee ($350.00) has been paid.

4.   The Motion for Appointment of Counsel (Docket Entry No. 3) is **DENIED**.

5.   The Clerk is directed to provide a copy of this Memorandum Opinion and Order dismissing this action by regular mail, facsimile transmission, or e-mail to: (1) the parties; (2) the Inmate Trust Fund Officer at the United States Penitentiary Marion, P.O. Box 1000, Marion, Illinois 62959, and (3) the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Prisoner Three-Strikes List.

**SIGNED** at Houston, Texas, on this the 17th day of May, 2010.

                                            SIM LAKE
                            UNITED STATES DISTRICT JUDGE